Florence G. EUDALY and Noelle H.
Cooney, Appellants,

v.

CITY OF COLLEYVILLE, Texas, Willard
R. Baker Co., Bob Rockenbaugh and
R.L. Donald, Jr., Appellees.

No. 2–82–060–CV.

Court of Appeals of Texas,
Fort Worth.

Oct. 28, 1982.

Rehearing Denied Nov. 24, 1982.

Saner, Jack, Sallinger & Nichols and Peter G. Smith, Robert E. Hager, Dallas, for appellants.

Staples, Foster & Hampton, and Ross T. Foster, Hurst, Cantey, Hanger, Gooch, Munn & Collins, and S.G. Johndroe, Jr., Fort Worth, for appellees.

Before MASSEY, C.J., and HUGHES and RICHARD L. BROWN, JJ.

## OPINION

HUGHES, Justice.

Suit was brought to invalidate four change of zoning ordinances adopted by the City of Colleyville. The ordinances were challenged on the grounds that certain proceedings leading to their adoption were not held in compliance with statutory notice requirements. Appellants are Florence G. Eudaly and Noelle H. Cooney, residents of Colleyville. Appellees are the City of Colleyville, defendants below and the Willard R. Baker Company, Bob Rockenbaugh and R.L. Donald, Jr., defendant/intervenors below. Appellants complain of the trial court's granting of summary judgment on appellees' behalf and denial of their own motion for summary judgment.

We affirm.

This controversy arose when defendant/intervenors submitted to the City a plan for the rezoning of four parcels of land in which appellees either individually or separately held property interests. Two of the parcels of land zoned "AG" (agricultural) would have their zoning designation changed to "CC" (community commercial) and "R–MF" (residential multi family), re-

spectively, under the proposal. Two other parcels zoned "CN" (neighborhood commercial) would also be rezoned to "CC" and "R–MF" under the plan. Defendant/intervenors' proposal went first to the city's Planning and Zoning Commission which was authorized to make a recommendation on approval to the City Council. The Planning and Zoning Commission originally met with defendant/intervenors at a November 3, 1980 regular session meeting "workshop". After a public hearing on the issue of the rezoning held on November 17, 1980, the Commission voted to recommend approval of the proposed zoning change to the City Council. The City Council then held public hearings on the matter at regularly scheduled meetings held on November 18, 1980, and on December 2, 1980. On December 4, 1980, the Council held an unscheduled "emergency" session at which defendant/intervenors were allowed to pose questions to the Council concerning building specifications which would apply to any development of the subject land. After a third and final public hearing on the matter held on December 16, 1980, the City Council voted to approve the zoning change requests by the adoption of four ordinances.

■ By ten points of error, appellants complain that the court erred in granting summary judgment for appellees, and conversely, in failing to grant their own motion for summary judgment. By points of error 1–4, appellants complain that the court erred in finding that the ordinances in question were valid in the face of appellants' claim that the Planning and Zoning Commission's November 3 meeting and the December 4 City Council meeting were not held after proper notice. Specifically, appellants contend that the November 3 "workshop" was held in violation of art. 1011f, that the December 4 emergency Council meeting was held in violation of art. 1011d, and that both meetings were in violation of Section 33.1 of the Colleyville Zoning Ordinance and in violation of the City Charter.

Because we do not find that appellants alleged a violation of the City Charter in their pleadings, we will review the alleged irregularities in light of relevant statutes only. We note that the public notice requirements which appellant would have us impose on the meetings in question were complied with as to the November 17, November 18, December 2 and December 16 meetings. In reviewing the language of art. 1011d, art. 1011f and Section 33.1, Colleyville Zoning Ordinance, we find that the notice requirements are applicable to "public hearings". We do not find that the meetings in question were "public hearings" for the reason that the evidence clearly shows that at neither meeting was the public invited to speak or be heard before the Commission or Council. The requirement of notice by publication and by written notice to individual landowners within 200 feet of the proposed change is the product of the statutory language in question, and is not the result of due process requirements. See *Lawton v. City of Austin*, 404 S.W.2d 648 (Tex.Civ.App.—Austin 1966, writ ref'd. n.r.e.). By requiring notice of "public hearings" on matters of zoning changes, the statutes do not contemplate the requirement of special notice in the case of all regularly scheduled meetings of governing bodies at which rezoning is discussed. Although all of the meetings held by both the Planning and Zoning Commission and the City Council were "public meetings" in that they were open to public observation, we feel that the term "public hearing" contemplates the opening of the floor for public comment by anyone desiring to speak on the issue of concern. Art. 1011d specifically speaks in terms of hearings where "parties in interest and citizens shall have an opportunity to be heard."

The evidence before the court at the time of the rendering of the summary judgment showed that at neither of the meetings in question was the floor open to comment by the public. Discussion of the zoning change request and proposed development of the land at the meetings complained of was by way of invitation to speak only. Comments by the public at large were neither solicited nor heard.

■ Because the change of zoning function of city government is a legislative function, not a judicial one, we find no harm in the Commission or Council drawing information from whatever sources they deem instructive in helping them make their decisions. See *Charlestown Homeowners Ass'n., Inc. v. LaCoke*, 507 S.W.2d 876 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r.e.). *Lawton, supra.* While the observations and comments of the public should be heard by the decision makers, and while the right to make such comments is preserved by the statutory scheme, we feel that there was no violation of the notice requirements as urged by appellants. Appellants were in fact given notice of three opportunities to voice their concerns and views on the proposed zoning changes before the City Council and once before the Planning and Zoning Commission. The decision making body was then free to make its decision based on whatever factors it desired. *Charlestown, supra.* The only requirement is that a public hearing be held after proper notice. The requirement was met in this case. Points of error 1–4 are overruled.

■ Point of error number 5 complains that the City failed to conduct three consecutive properly noticed public hearings in compliance with the City Charter. As we noted in our discussion of points of error 1–4, appellants failed to allege violations of the City Charter in their pleadings. Although we hold that appellants cannot raise this complaint for the first time on appeal, we note that our holding on points of error 1–4 to the effect that the December 4 meeting was not a public hearing within the parameters of the statute effectively disposes of this argument. There having been no public hearing on December 4, the properly noticed November 18, December 2 and December 16 public hearings were therefore consecutive. Point of error number 5 is overruled.

■ Appellants points of error 6 and 7 complain that the meeting of December 4, 1980 was held in violation of the open meet-

ing provisions of Tex.Rev.Civ.Stat., art. 6252–17, (Supp.1982). Appellants argue that said statute requires 72 hour notice of such meeting and that the failure of the City Council to make such meeting known that far in advance invalidates the ordinances. Although it is conceded by both parties that the meeting in question was not held after 72 hours notice, we do not feel it necessary to go to appellees' claim that such meeting was properly held under an emergency exception to the general requirement. The effect of art. 6252–17 is to make voidable any action taken at a meeting held outside its requirements. While appellants contend that some oral agreements about certain deed restrictions on the subject land should the zoning changes be granted were made at this meeting, and while we do not condone the holding of meetings by public bodies without the proper statutorily required notice, the record shows that no official actions were taken at the meeting in question. The ordinances in question were not adopted until after the December 16 public hearing. Since there was no voidable action taken at the December 4 meeting, points of error 6 and 7 are overruled.

■ By points of error 8 and 9, appellants challenge the validity of two of the four ordinances in question on the grounds that they were not properly considered at the November 18 public hearing before the City Council. Appellants base their argument on the fact that although the Planning and Zoning Commission recommended that one of the particular parcels of land have its zoning changed from "CN" to "R–MF", the agenda of the City Council meeting of November 18 recited that the proposed change was from a zoning classification of "AG" to one of "R–MF". Appellants note that a second parcel of land which the Planning and Zoning Commission recommended be changed from "AG" to "R–MF" was improperly listed on the agenda of November 18 as being a proposed change from "CN" to "R–MF". Appellants rely on the case of *City of Amarillo v. Wagner*, 326 S.W.2d 863 (Tex.Civ.App.— Amarillo 1959, writ ref'd n.r.e.). That case

involved a zoning change adopted by the City Commission upon its own motion without recommendation by the City Zoning Commission. In the case at hand, the City Council of the City of Colleyville voted to change the zoning of the property in question to the same zoning recommended by the Planning and Zoning Commission. The record does not reveal that the City Council agenda of November 18, which merely mistook the current zoning of two of the four parcels of land under consideration and which was subsequently corrected, resulted in any failure to give accurate notice of which land was to be rezoned or of the nature of the proposed change of zoning. All four ordinances ultimately adopted by the City Council accorded defendant/intervenors the zoning change requests which they had made and which had been recommended by the Planning and Zoning Commission. We can perceive of no error resulting from the misprint in the agenda of November 18 which was harmful to appellants or which were not cured by the subsequent correction at the following public hearings. Points of error 8 and 9 are overruled.

By point of error number 10, appellants contend that the court erred in granting summary judgment for appellees on the grounds that genuine issues of material fact exist as to the validity of the ordinances. We hold that as a matter of law, the facts on hand at the time of the granting of the summary judgment raised no issue of fact which would go to the invalidity of the ordinances and fully supported the law as applied in our discussion of points of error 1–9. Point of error number 10 is overruled.

The judgment is affirmed.