The **KINKAID SCHOOL, INC.,** Appellant,

v.

**Dennis W. McCARTHY, Del McCarthy, and the Farnham Park Committee,** Appellees.

No. 01–92–00492–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 21, 1992.

Rehearing Denied July 2, 1992.

Daniel A. Hyde, H. Dixon Montague, Scott D. Marrs, Barbara Lipshultz, Vinson & Elkins, Houston, for appellant.

Roger Rider, Rider & Associates, Houston, for appellees.

Before WILSON, OLIVER–PARROTT and DUNN, JJ.

## OPINION

WILSON, Justice.

The Kinkaid School (Kinkaid) appeals from a temporary injunction[1] rendered against it by the trial court on April 29, 1992, enjoining Kinkaid from continuing the construction of a new middle school building on its campus. Appellees are Dennis and Del McCarthy, homeowners who are residents of the City of Piney Point (the City), and The Farnham Park Committee, an association of homeowners whose lots adjoin the Kinkaid property. Appellees sought the temporary injunction on the following grounds:

(1) that the building constitutes an existing nuisance or threatens the imminent creation of a nuisance;

(2) that the City's ordinance that permits the building to be constructed is invalid because

(a) the ordinance does not bear any substantial relation to the public health, safety, morals, or general welfare, and the ordinance constitutes unjustifiable spot zoning;

(b) Kinkaid failed to give notice of both the Planning and Zoning Commis-

---

1. TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(4) (Vernon Supp.1992).

sion meeting and the City Council meeting at which Ordinance No. 727, the ordinance that allows Kinkaid to construct the middle school building, was considered and, therefore, denied plaintiffs' (appellees here) constitutional right to procedural due process of law;

(c) Ordinance No. 727 violates plaintiffs' (appellees here) constitutional right to substantive due process of law;

(d) Ordinance No. 727 constitutes a taking or damaging of plaintiffs' (appellees here) property without just compensation.

In the alternative, appellees sought a temporary injunction prohibiting appellant from any construction other than that authorized by Ordinance No. 727.

The trial court's decree is more limited than the scope of appellees' pleading and is based on the court's finding that Ordinance No. 727 is invalid. The relevant portion of the judgment provides:

IT IS, THEREFORE, ORDERED that The Kinkaid School, Inc., Defendant herein, be, and The Kinkaid School, Inc. hereby is, commanded forthwith to desist and refrain from constructing the building it is currently constructing pursuant to the specific use permit granted by City of Piney Point Village, Texas, Ordinance No. 727 until the City of Piney Point Village, Texas enacts a valid ordinance authorizing such construction or until judgment in this cause is entered by this Court, whichever occurs first.

On appeal from the trial court's grant of the temporary injunction, Kinkaid claims that the Texas Validation Statute, TEX.REV. CIV.STAT.ANN. art. 974d–39 (Vernon Supp. 1992), cures the City's failure to give statutory notice of the Planning and Zoning Commission and City Council hearings and validates Ordinance No. 727, an ordinance passed as a result of such hearings. Kinkaid also asserts that appellees lack standing to complain of noncompliance with a statutory notice provision requiring written notice of Planning and Zoning Commission hearings to particular landowners. TEX.LOCAL GOV'T CODE ANN. § 211.006 (Vernon 1988). Kinkaid argues that the trial court

clearly abused its discretion in misapplying the law to the facts and in granting the temporary injunction.

### Summary of Facts

In May 1991, Kinkaid sought permits to construct a new middle school building that would provide additional classroom and teaching facilities on its campus. In order to obtain a specific use permit, which is an ordinance amending the City's basic zoning ordinance, for the construction of the new building, Kinkaid was required to make application to the Planning and Zoning Commission of the City. The procedure for obtaining a specific use permit is as follows: (1) notice is given that the application will be considered at a hearing before the Planning and Zoning Commission; (2) the Planning and Zoning Commission holds a hearing and makes its recommendations regarding the application to City Council; (3) notice is given of a hearing before City Council on the recommendations of the Planning and Zoning Commission; (4) City Council holds a hearing; and (5) City Council approves or rejects the specific use permit application.

The City of Piney Point Village Ordinance No. 647 and chapter 211 of the Local Government Code of Texas provide for notice as follows: (1) regarding Planning and Zoning Commission hearings, at least 10 days' written notice shall be sent to owners, as indicated on the last approved tax roll, of real property lying within 200 feet of the subject property; and (2) regarding City Council hearings, at least 15 days' notice shall be published in a newspaper of general circulation in the community. TEX.LOCAL GOV'T CODE ANN. § 211.006 (Vernon 1988).

The chronological facts relevant to the issues before this Court are:

5/31/91 Kinkaid made a written request to the Planning and Zoning Commission to grant a specific use permit for the construction of its middle school building.

6/4/91 City Secretary mailed written notice regarding the Planning and Zon-

ing Commission hearing scheduled for 6/17/91.[2]

6/11/91 City Secretary posted notice of 6/17/91 Planning and Zoning Commission hearing on public bulletin boards.

6/17/91 Planning and Zoning Commission hearing considered Kinkaid's specific use permit application.

6/18/91 Planning and Zoning Commission recommended to City Council that the specific use permit be granted to Kinkaid.

7/1/91 City Secretary hand delivered written letter to *Suburbia Reporter* newspaper requesting that on 7/4/91 the paper publish notice of scheduled 7/22/91 City Council hearing.

7/19/91 City Secretary posted notice of City Council hearing scheduled for 7/22/91 on public bulletin boards.[3]

7/22/91 City Council hearing held and Ordinance No. 727, granting Kinkaid's specific use permit to construct the new middle school building was passed.

1. Written notice of Planning and Zoning Commission meeting.

Appellees contended before the trial court that they did not receive written notice of the Planning and Zoning Commission hearing scheduled for June 17, 1991. However, City Ordinance 647 and Chapter 211 of the Local Government Code of Texas, Tex.Local Gov't Code Ann. § 211.006 (Vernon 1988), provide that only owners, as indicated on the last approved tax roll, of real property lying within 200 feet of the subject property are entitled to receive written notice. Evidence presented to the trial court shows that, as of June 17, 1991, the last approved tax roll was the 1990 City of Piney Point Village tax roll. Appellees were not listed on the last approved tax roll as owners of property lying within 200 feet of the subject property, as they did not purchase their house until March 1991. The Farnham Park Committee has never

owned any property in the City. Although appellees did not receive notice as landowners, each received notice of the Planning and Zoning Commission meeting as members of the public by the June 11, 1991, posting.

2. Published notice of City Council meeting.

The evidence indicates that the City hand delivered a request to a newspaper of general circulation in the community to publish notice of the July 22, 1991, City Council hearing, but this notice was, in fact, not published. Appellees received notice when the City secretary posted notice on the bulletin boards, on July 19, 1991, of the City Council meeting.

The building was scheduled to be completed on August 1, 1992, for occupancy by fifth through eighth graders for the 1992–93 school year. Appellees filed suit on March 20, 1992, seeking to enjoin Kinkaid from completing the construction of the building and to force Kinkaid to "dismantle the infrastructure." On April 29, 1992, the trial court granted appellees' request for temporary injunction, enjoining Kinkaid from completing the construction of the building, which Kinkaid maintains, and appellees do not contest, is over 50 percent complete.

### Standard of Review

■ A trial court abuses its discretion in granting a temporary injunction when it misapplies the law to the established facts or when the evidence does not reasonably support the conclusion that the applicant has a probable right of recovery. *See State v. Southwestern Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex.1975); *Eastern Energy, Inc. v. SBY Partnership*, 750 S.W.2d 5, 6 (Tex.App.—Houston [1st Dist.] 1988, no writ). Appellate review of an order granting a temporary injunction is strictly limit-

---

**2.** Written notice of Planning and Zoning Commission hearings is required; published notice is required for City Council hearings. Notice must be posted to comply with the Texas Open Meetings Act. Tex.Rev.Civ.Stat.Ann. art. 6252–17, § 3A (Vernon Pamph.1992).

**3.** Bulletin boards are located at the City Hall of Piney Point Village and at Memorial Drive Elementary School.

ed to whether there has been an abuse of discretion in granting the interlocutory order. *Philipp Bros., Inc. v. Oil Country Specialists,* 709 S.W.2d 262, 265 (Tex. App.—Houston [1st Dist.] 1986, writ dism'd). The merits of the movant's case are not presented for appellate review. *Davis v. Huey,* 571 S.W.2d 859, 861–62 (Tex.1978).

### Validation of Ordinance No. 727

In point of error one, appellant contends that the trial court erred as a matter of law and abused its discretion by misapplying the law and granting injunctive relief for failure of the city to comply with the notice provisions of chapter 211 of the Local Government Code because the Texas Validation Statute cures these alleged procedural defects and validates Ordinance No. 727.

The trial court made the following findings and conclusions in support of its order granting appellees' request for temporary injunction:

> (1) Ordinance No. 727, approving Kinkaid's specific use permit for the construction of the middle school building, is invalid because the City failed to give statutory notice pursuant to Chapter 211 of the Local Government Code.
>
> (2) The Texas Validation Statute, TEX. REV.CIV.STAT.ANN. art. 974d–39 (Vernon Supp.1992), does not apply to validate Ordinance No. 727, because appellees were not given the opportunity to sue appellant before the effective date of the validation statute, as a result of appellant's failure to give statutory notice pursuant to Chapter 211 of the Local Government Code.

Kinkaid maintains that the trial court misapplied Texas law, because the validation statute cures defects in statutory notice alleged by appellees and validates Ordinance No. 727. Appellees argue that they had a constitutional right to notice of the

June 17, 1991, Planning and Zoning Commission hearing.

1. Notice is statutory.

■ A city's adoption and amendment of a zoning ordinance is an exercise of its legislative power. *Thompson v. City of Palestine,* 510 S.W.2d 579, 581 (Tex.1974).[4] Because notice of zoning commission and city council hearings is a legislative right, as distinguished from a constitutional right, there is no constitutional due process requirement. *Murmur Corp. v. Board of Adj., City of Dallas,* 718 S.W.2d 790, 793 (Tex.App.—Dallas 1986, writ ref'd n.r.e.); *Eudaly v. City of Colleyville,* 642 S.W.2d 75, 77 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.); *Lawton v. City of Austin,* 404 S.W.2d 648, 651 (Tex.Civ.App.—Austin, writ ref'd n.r.e.).

In *Lawton,* the Austin Court of Appeals resolved the issue of whether failure to give the notice required by article 1011d, 1011f of the Revised Civil Statutes, now codified as section 211.006 of the Local Government Code, constituted a violation of the complainant's due process rights. The notice provisions at issue in *Lawton* are identical to the notice provisions in section 10.2 of the City of Piney Point Village Ordinance No. 647 and Chapter 211 of the Local Government Code. *Lawton,* 404 S.W.2d at 650. The requirements considered by the court were that notice be sent to owners of property, as indicated "on the last approved city [or municipality] tax roll" within 200 feet of the subject property and that notice be published in a newspaper of general circulation in the community. *Id.*

The Austin Court of Appeals held that there is no constitutional right to notice of such hearings and that failure to provide such notice does not constitute a violation of due process, concluding:

> The enactment and amendment of zoning laws is legislative in character and due

---

**4.** A city ordinance is presumed to be valid, and this presumption applies to amendatory zoning ordinances, as well as original comprehensive zoning ordinances. *Hunt v. City of San Antonio,* 462 S.W.2d 536, 539 (Tex.1971). Acting in its legislative capacity, a city council may deter-

mine whether facts exist that warrant a zoning amendment and, absent a clear showing that there is no reasonable basis for it, the city's determination will not be disturbed. *T & R Assoc., Inc. v. City of Amarillo,* 688 S.W.2d 622, 626 (Tex.App.—Amarillo 1985, writ ref'd n.r.e.).

process of law does not require notice of such proceedings ... In legislation, or rule-making, there is no constitutional right to any hearing whatsoever ... We consider this right to be a mere legislative right as distinguished from a constitutional right.

*Id.* at 651.

## 2. Validation statute cures defects.

 A validating statute is one enacted for the purpose of curing defects in past proceedings or confirming rights arising out of past transactions. *Hunt v. Atkinson,* 17 S.W.2d 780 (Tex.1929). The Texas Validation Statute applies to "any incorporated city, town, or village operating under general laws or under a home-rule charter" and provides:

All governmental proceedings performed by the governing bodies of all such cities and towns and their officers since their incorporation or attempted incorporation are validated as of the date of such proceedings....

TEX.REV.CIV.STAT.ANN. art. 974d–39, §§ 1, 3(b) (Vernon Supp.1992). The City of Piney Point Village is a municipal corporation operating under the general laws of Texas.

This validation statute cures nonconstitutional procedural defects and irregularities in the adoption of zoning ordinances, including the failure to comply with notice provisions of city zoning ordinances and/or the Local Government Code of Texas. *City of Hutchins v. Prasifka,* 450 S.W.2d 829, 833 (Tex.1970); *Waugh v. City of Dallas,* 814 S.W.2d 492, 496 (Tex.App.—Dallas 1991, writ denied); *Mayhew v. Town of Sunnyvale,* 774 S.W.2d 284, 296 (Tex. App.—Dallas 1989, writ denied), *cert. denied,* —— U.S. ——, 111 S.Ct. 963, 112 L.Ed.2d 1049 (1991); *Murmur Corp.,* 718 S.W.2d at 792; *Leach v. City of N. Richland Hills,* 627 S.W.2d 854, 857 (Tex. App.—Fort Worth 1982, no writ); *Coffee City v. Thompson,* 535 S.W.2d 758, 767 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.); *City of Kermit v. Spruill,* 328 S.W.2d 219, 222 (Tex.Civ.App.—El Paso 1959, writ ref'd n.r.e.); *Storm Bros. v. Town of Balcones Heights,* 239 S.W.2d 842, 845 (Tex.Civ.App.—El Paso 1950, writ ref'd n.r.e.).

We hold that any irregularities regarding compliance with the notice provisions of the City of Piney Point Village Ordinance No. 647 or chapter 211 of the Local Government Code are nonconstitutional and procedural and, therefore, are cured by the Texas Validation Statute; therefore, Ordinance No. 727, granting Kinkaid's specific use permit is valid as a matter of law.

## 3. Validation statute is applicable to Ordinance 727.

 The Texas Validation Statute applies to governmental acts and proceedings that occurred before the effective date of the statute, regardless of whether the government proceeding, in this case the enactment of the zoning ordinance, occurred between the passage and effective date of the statute. *Galveston H. & S.A. Ry. v. State,* 81 Tex. 572, 17 S.W. 67, 72 (Tex.1891); *Waugh,* 814 S.W.2d at 495; *Trio Indep. School Dist. v. Sabinal Indep. School Dist.,* 192 S.W.2d 899, 900 (Tex.Civ. App.—Waco 1946, no writ).

 The trial court held that the Texas Validation Statute, which cures failure to give notice in this context, does not apply because Kinkaid failed to give notice in time for appellees to file suit before the effective date of the statute. The legislature did not, however, enact a provision that allowed for the remedy of filing suit as a prerequisite to validation. *See C & H Nationwide, Inc. v. Thompson,* 810 S.W.2d 259, 272 (Tex.App.—Houston [1st Dist.] 1991, writ requested) (court must construe a statute as written and ascertain legislature's intent from language of the act).

 The Texas Supreme Court has reasoned that a court's interpretation of a curative or remedial statute should not defeat the very purpose for which the statute was enacted. *City of Mason v. West Tex. Utils. Co.,* 150 Tex. 18, 237 S.W.2d 273, 280 (1951). We hold that the validation statute is applicable to City Ordinance No. 727.

We sustain point of error one.

Standing to Complain of Lack of Notice

■ In point of error two, Kinkaid contends that the trial court erred in holding that appellees have standing to complain of lack of written notice. The trial court held that "Plaintiffs were entitled to such notices [pursuant to Texas Local Government Code sections 211.001–.013]" and that "Plaintiffs Dennis McCarthy and Del McCarthy were not subsequent purchasers and have standing to complain of lack of notice." The undisputed evidence before the trial court established that appellees lacked standing to complain of failure to give written notice because they were not indicated as real property owners on the last approved tax roll. The last approved tax roll as of June 17, 1991, was the 1990 tax roll of the City of Piney Point Village. Appellees were not indicated on the last approved tax roll as owners of real property entitled to written notice pursuant to the City's ordinance or the Local Government Code. Further, The Farnham Park Committee owns no real property within the City. We hold that appellees were not entitled to written notice of the June 17, 1991, Planning and Zoning Commission meeting at which appellant's specific use permit request was considered. *Lawton v. City of Austin*, 404 S.W.2d 648, 651–53 (Tex.Civ.App.—Austin 1966, writ ref'd n.r.e.).

We sustain point of error two.

We hold that the trial court misapplied the law to the facts of the present case; therefore, the trial court abused its discretion. We hold that Ordinance No. 727 is valid. We reverse the order of the trial court and dissolve the temporary injunction.