OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



January 24, 2000

The Honorable Tim Curry
Tarrant County Criminal District Attorney
Justice Center
401 West Belknap
Fort Worth, Texas 76196-0201

Opinion No. JC-0169

Re: Whether a governmental body may permit members of the public to comment at public meetings on matters not specified in the posted meeting notice (RQ-0098-JC)

Dear Mr. Curry:

You have requested our opinion as to whether a governmental body may permit members of the public to offer comments at public meetings regarding matters not specified in the posted meeting notice. We conclude that it may do so.

The Open Meetings Act, chapter 551 of the Government Code, requires that every meeting of a governmental body be open to the public, except for executive sessions as permitted by the statute. *See* TEX. GOV'T CODE ANN. § 551.002 (Vernon 1994). A meeting that is "open to the public" under the Act is one that the public is entitled to attend. *See* Tex. Att'y Gen. Op. No. M-220 (1968) at 5. The Act does not give the public a right to speak at such meetings. *See Charlestown Homeowners Ass'n, Inc. v. LaCoke*, 507 S.W.2d 876, 883 (Tex. Civ. App.–Dallas 1974, writ ref'd n.r.e.); Tex. Att'y Gen. Op. Nos. JM-584 (1986) at 3; H-188 (1973) at 2; Tex. Att'y Gen. LO-96-111, at 1; *see also Eudaly v. City of Colleyville*, 642 S.W.2d 75, 77 (Tex. App.–Fort Worth 1982, writ ref'd n.r.e.) (distinguishing between "public meeting," where public was not entitled to comment, and "public hearing," where public was entitled to comment). If a governmental body wishes to allow members of the public to speak at its public meetings, it may adopt reasonable rules consistent with relevant provisions of law allowing them to do so. *See* Tex. Att'y Gen. Op. No. H-188 (1973) at 2; Tex. Att'y Gen. LO-96-111, at 1. As you point out in your request letter, numerous governmental bodies have allowed for public comment at their meetings, subject to rules they have developed. You indicate:

> [I]t has become increasingly common for units of local government to invite any member of the public to make whatever comments they desire in the public forum at the time of the public meeting. Some entities permit any member of the public to speak as long as they desire; others permit a few minutes per speaker per meeting. The member of the public typically shows up, fills out a card indicating they wish to address the body; and then is called upon when the

> comments section of the meeting is reached.  Topics are usually
> entirely at the discretion of the speaker.

Letter from Honorable Tim Curry, Tarrant County Criminal District Attorney, to Honorable John Cornyn, Texas Attorney General, at 3 (Aug. 6, 1999) (*on file with Opinion Committee*).

Prior to 1987, a "meeting" under the Open Meetings Act was defined to require a "deliberation" between the members of a governmental body.  Thus, members of a governmental body could meet privately to receive information from and ask questions of their employees or of third parties, so long as they did not discuss any public business among themselves.  *See Dallas Morning News Co. v. Board of Trustees*, 861 S.W.2d 532 (Tex. App.–Dallas 1993, writ denied).  In 1987, the definition of "meeting" was amended to include any deliberation "between a quorum of members of a governmental body and any other person" at which public business or policy is discussed or at which formal action is taken.  Act of May 31, 1987, 70th Leg., R.S., ch. 549, § 1, 1987 Tex. Gen. Laws 2211.  The definition of "deliberation" was simultaneously amended to include a "verbal exchange during a meeting . . . between a quorum of members of a governmental body and any other person." *Id.*

In *Dallas Morning News Co.*, the court found that:

> a briefing session with third parties where the public is excluded and
> the governmental body does not engage in a verbal exchange with
> representatives of the third party or engage in verbal exchange
> between its own members about the issue within its jurisdiction or
> any other public business, is not a deliberation as defined by the Act.
> Therefore, there is not a meeting as defined by the Act.

*Dallas Morning News Co.*, 861 S.W.2d at 537.  Thus, between 1987 and 1999, when a quorum of a governmental body met to listen in silence to a briefing by a third party, that gathering did not fall within the definition of "meeting" and was hence not subject to the Open Meetings Act. Consequently, from 1987 to 1999, a governmental body could hold a "public comment" session without providing specific notice of the topics to be discussed, on the ground that, so long as its members merely listened, the gathering was not a "meeting."

In its most recent session, the legislature once again amended the definition of "meeting" to provide:

> (A)    a deliberation between a quorum of a governmental body,
> or between a quorum of a governmental body and another person,
> during which public business or public policy over which the
> governmental body has supervision or control is discussed or
> considered or during which the governmental body takes formal
> action; or

> (B) except as otherwise provided by this subdivision, a gathering:
>
> > (i) that is conducted by the governmental body or for which the governmental body is responsible;
>
> > (ii) at which a quorum of members of the governmental body is present;
>
> > (iii) that has been called by the governmental body; and
>
> > (iv) *at which the members receive information from, give information to, ask questions of, or receive questions from any third person, including an employee of the governmental body, about the public business or public policy over which the governmental body has supervision or control.* The term does not include the gathering of a quorum of a governmental body at a social function unrelated to the public business that is conducted by the body, or the attendance by a quorum of a governmental body at a regional, state, or national convention or workshop, if formal action is not taken and any discussion of public business is incidental to the social function, convention, or workshop. The term includes a session of a governmental body.

TEX. GOV'T CODE ANN. § 551.001(4) (Vernon Supp. 2000) *as amended by* House Bill 156, Act of May 22, 1999, 76th Leg., R.S., ch. 647, § 1, 1999 Tex. Gen. Laws 3218 (emphasis added). As a result of this new language, it is clear that a "public comment" session is now encompassed within the definition of "meeting," since "public comment" necessarily implies that the "members" of the governmental body will "receive information from . . . or receive questions from [a] third person." *See id.*

The Open Meetings Act requires written notice of all meetings. Section 551.041 provides that "[a] governmental body shall give written notice of the date, hour, place, and *subject* of each meeting held by the governmental body." *Id.* § 551.041 (Vernon 1994) (emphasis added). *See City of San Antonio v. Fourth Court of Appeals*, 820 S.W.2d 762, 765 (Tex. 1991); *see also Texas Turnpike Auth. v. City of Fort Worth*, 554 S.W.2d 675 (Tex. 1977); *Lower Colorado River Auth. v. City of San Marcos*, 523 S.W.2d 641 (Tex. 1975). Notice should be more specific where the matter is of particular interest to the public. *See Cox Enterprises, Inc. v. Board of Trustees*, 706 S.W.2d 956, 958-59 (Tex. 1986). In 1975, this office said that such terms as "new business," "old business," "regular or routine business," or "other business" were insufficient to inform the public of the nature of the items to be addressed. Tex. Att'y Gen. Op. No. H-662 (1975) at 3. On their face, these cases and opinions might seem to preclude the use of a broad term such as "public comment." Such a

reading, however, would misconstrue the purpose both of the statute's notice requirement and of a "public comment" session.

The cases and opinions cited above construe the notice requirements of the Open Meetings Act to further the statute's intended purpose of opening governmental decision-making to the public. The public comment sessions at issue do not involve deliberations by a governmental body. The *Dallas Morning News* case, the only judicial decision to address one-way communications by third parties to a governmental body, concerned a formal report by a representative of the state agency with supervisory authority over the school district. The meeting in *Dallas Morning News Co.* was very different from the public comment sessions you have described. The school board knew well before the meeting that a Texas Education Agency representative would present a report on the district's accreditation. Had it been required to post notice of the meeting, it could easily have done so. A governmental body decides what it will discuss at its meetings, and it knows or can learn in advance the subject matter of reports or briefings by employees, consultants, auditors, persons engaged in business with the governmental body, and by other third parties with a special connection to the governmental body. Thus, there are no particular difficulties in providing notice of the subject matter of such presentations.

Unlike such briefings and presentations for which a governmental body may post specific notice of the particular subject matter, public comment sessions pose notable difficulties in predicting the subject matter of citizen comments and questions. We cannot expect a governmental body to divine or foresee the myriad of matters its constituents wish to bring to its attention. Rather, public comment sessions provide an opportunity for citizens to speak their minds on an unlimited variety of subjects. They furnish an outlet for real and imagined grievances. Moreover, they are held, not behind closed doors, but in the bright light of an open forum. They have been an integral part of public meetings since well before the adoption of the Open Meetings Act in 1967. *See e.g.*, *State v. Hellman*, 36 S.W.2d 1002, 1004 (Tex. 1931) ("[F]requently citizens interested in matters to be acted upon by the council appeared before them at their meetings."); *Swank v. Sharp*, 358 S.W.2d 950, 951 (Tex. Civ. App.–Dallas 1962, no writ) ("[R]ules of the Council shall provide that citizens . . . shall have a reasonable opportunity to be heard.") (citation omitted). There is not the slightest indication in the record that the legislature, by amending the definition of "meeting" in 1999, meant to abolish them. To require specific notice of the items raised during a public comment session would, we think, effectively end the practice. This construction—entirely prohibiting public comment sessions—is inconsistent with the principles of open government advanced by the Open Meetings Act. Thus, we conclude that while such sessions constitute meetings for which notice must be given, the terms "public comment," "public forum," "open mike," or some other generic term, provide sufficient notice for the kind of sessions you describe.

We caution that the use of "public comment" or similar term will not provide adequate notice if the governmental body is, prior to the meeting, aware, or reasonably should have been aware, of specific topics to be raised. If, for example, a governmental body is apprised in advance that members of a particular neighborhood association will be present to comment on drainage

problems, it must insure that its notice is tailored to its prior knowledge. *See Cox Enterprises*, 706 S.W.2d 956.

We must also briefly explain how our conclusion here relates to section 551.042 of the Act. That section provides:

> (a) If, at a meeting of a governmental body, a member of the public or of the governmental body inquires about a subject for which notice has not been given as required by this subchapter, the notice provisions of this subchapter do not apply:
>
> (1) a statement of specific factual information given in response to the inquiry; or
>
> (2) a recitation of existing policy in response to the inquiry.
>
> (b) any deliberation of or decision about the subject of the inquiry shall be limited to a proposal to place the subject on the agenda for a subsequent meeting.

TEX. GOV'T CODE ANN. § 551.042 (Vernon 1994). This provision relates to "inquiries" from members of the public. Its purpose is to authorize a governmental body to make a limited response to an inquiry from the public about a subject not included on the posted notice and to prevent it from engaging in "deliberation" or making a "decision" about the subject matter of the inquiry. When an inquiry or a comment from a member of the public requires such deliberation or decision, members of the governmental body may respond merely that the matter shall be placed on a future agenda.

You also ask whether "employee briefing sessions" may be held without specific notice under the category denominated "public comment" or "staff briefing." Between 1987 and 1999, "employee briefing sessions" were permitted to be held in executive session. Section 551.075 provided:

> (a) This chapter does not require a governmental body to confer with one or more employees of the governmental body in an open meeting if the only purpose of the conference is to:
>
> (1) receive information from the employees; or
>
> (2) question the employees.
>
> (b) During a conference under Subsection (a), members of the governmental body may not deliberate public business or agency policy that affects public business.

Act of May 4, 1993, 73d Leg., R.S., ch. 268, § 1, sec. 551.075, 1993 Tex. Gen. Laws 583, 590. According to opinions of this office, "staff briefing sessions," under the prior law, were not "meetings" within the Act, and were therefore not required to be open to the public or to be preceded by notice. *See* Tex. Att'y Gen. Op. Nos. DM-191 (1992) at 3; JM-1058 (1989). A "staff briefing session," taking place without notice or scrutiny, could provide an opportunity for secret deliberations. The bill analysis for House Bill 156 reported that "[a]t least one state board has conducted its deliberations as part of staff briefings that are closed to the public." HOUSE STATE AFFAIRS COMM., Tex. H.B. 156, 76th Leg., R.S. (1999). House Bill 156 deleted the general authorization for briefing sessions from section 551.075 and replaced it with a provision applicable only to the board of trustees of the Texas Growth Fund. *See* Act of May 22, 1999, 76th Leg., R.S., ch. 647, § 2, sec. 551.075, 1999 Tex. Gen. Laws 3218-19 (codified at TEX. GOV'T CODE ANN. § 551.075 (Vernon Supp. 2000)).

Whether "employee briefing sessions" were more properly characterized as entirely outside the definition of "meeting," or a permissible subject for a properly noticed executive session, the enactment of House Bill 156 makes clear that (1) they now fall squarely within the definition of "meeting;" and (2) they may not be held in executive session unless some other exception is applicable. Furthermore, we believe that a generic notice, such as "employee briefing sessions," is inadequate for such a session. A governmental body's relationship to its employees is entirely different from its relationship to the general public. It exercises control over its employees and presumably can ascertain in advance what subjects a particular employee will address. In any event, the amended definition of "meeting" and the repeal of the executive session provision for employee briefing sessions mean that staff briefings may be conducted only in public, unless some specific exception of the Act applies.

## S U M M A R Y

"Public comment" provides sufficient notice under the Open Meetings Act of the subject matter of "public comment" sessions where the general public addresses the governmental body about its concerns and where the governmental body does not comment or deliberate except as authorized by section 551.042 of the Government Code. "Employee briefing" or "staff briefing" does not give adequate notice of subjects presented to a governmental body by employees or staff members.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee