CITY OF AMARILLO et al., Appellants,

v.

C. Richard WAGNER et al., Appellees.

No. 6867.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 1, 1959.

———◆———

Gibson, Ochsner, Harlan, Kinney & Morris; Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, for appellants.

Monning & Monning, Amarillo, for appellees.

NORTHCUTT, Justice.

This case being before us on motion for rehearing in which it has called to our attention that we erred in quoting a certain ordinance, we withdraw our former opinion and file the following therefor.

Appellees, C. Richard Wagner and others, brought this suit for declaratory judgment and injunction against appellants, Robert Ricks, the City of Amarillo and its building inspector, J. L. Adams. Appellees are property owners in Sunset Park Addition to Amarillo. Appellant Ricks is the owner of Lot 1 in Block 1 of Sunset Park Addition located at the intersection of 10th and Georgia Streets in Amarillo. On August 20, 1957, the City Commission of Amarillo passed Zoning Ordinance No. 3056, authorizing the use of Ricks' lot for commercial purposes. From judgment of the trial court declaring Zoning Ordinance No. 3056 void and enjoining the use of the lot for commercial purposes, appellants severally prosecute this appeal.

The parties will be designated in this opinion as in the trial court, appellees, C. Richard Wagner, et al., as plaintiffs and ap-

pellants, Robert Ricks and the City of Amarillo as defendants.

The judgment below is based on the conclusions of the trial court that the Municipal Zoning Ordinance is void.

This suit involves the validity of an amendment to a zoning ordinance in the City of Amarillo. It is undisputed that Amarillo is a Home-Rule Municipal Corporation with a valid basic zoning ordinance insofar as the original ordinance involved is concerned. The sole question involved in this case is whether the necessary steps were taken in connection with the passing of Zoning Ordinance No. 3056. If the matter was properly before the City Commission, under this record, we doubt there would be any question but what the City Commission properly re-zoned the property here in question to F-Retail.

Mr. Ricks, the owner of the property here in question, had made several applications to have the property re-zoned but had failed in each application. On May 23, 1957, Mr. Ricks presented his petition to the Zoning Commission for re-zoning of Lots 1 and 24, Block 1, Sunset Park Addition to the City of Amarillo from A-Residential area to F-Retail area. On June 10, 1957, the Zoning Commission, without having a public hearing, rejected the request to re-zone Lot 1 as F-Retail and at the same time struck Lot 24 from the petition. Mr. Ricks did not appeal from the order rejecting the re-zoning of Lot 1. At this meeting on June 10, 1957, after rejecting the petition to re-zone Lot 1 as F-Retail, the Zoning Commission on its own motion decided to consider the re-zoning of Lot 1 from "A-Dwelling" to "C-Dwelling" and ordered a public hearing as to that proposed change. The Zoning Commission gave the proper notice of their intention to consider the re-zoning of Lot 1 from "A-Dwelling" to "C-Dwelling" but never gave any notices at any time as to any hearing as to re-zoning the property from "A-Dwelling" to "F-Retail." After proper

notices had been given, as to re-zoning Lot 1 from "A-Dwelling" to "C-Dwelling," the Zoning Commission conducted the public hearing on July 8, 1957, on the question of re-zoning Lot 1 from "A-Dwelling" to "C-Dwelling" and determined that Lot 1 should be re-zoned from A-Dwelling to C-Dwelling and reported their act to the City Commission. On July 15, 1957, Ricks gave notices of appeal to the City Commission from the *recomendation of the City Planning and Zoning Commission, denying application for re-zoning to Class F-Retail, but recommending re-zoning to Class C-Dwelling.* (emphasis ours)

The date the Zoning Commission rejected the application for re-zoning of Lot 1 to Class F-Retail and on its own motion recommended re-zoning to Class C-Dwelling was at the meeting on June 10, 1957. After June 10, 1957, the Zoning Commission did not give any further consideration to the re-zoning of Lot 1 as to F-Retail; but on that date emphatically rejected such re-zoning. Subdivision 4 of Section 20, of the Zoning Ordinance of the City of Amarillo provides as follows:

> "(4) In the event the zoning change is denied by the Zoning Commission, such proposal will not be referred to the City Commission unless the applicant within ten days after denial of the change by the Zoning Commission shall file a request in writing with the City Secretary, requesting that the City Commission review the acts of the Zoning Commission."

At no time was any notice given by the Zoning Commission as to any hearing concerning the re-zoning of Lot 1 to F-Retail and neither was there ever any public hearing had by the Zoning Commission as to re-zoning of Lot 1 to F-Retail. At the meeting of the Zoning Commission on June 10, 1957 when the petition to re-zone Lot 1 in question to F-Retail was presented, "a motion was made, seconded and duly carried, that the petition be rejected." No further notice or consideration was ever

given as to the re-zoning of Lot 1 to F-Retail. The Zoning Commission gave proper notice as to the meeting to be held on July 8, 1957, at which time they would consider the report on requested change in Zoning of Lot 1 from "A-Dwelling" area, to "C-Dwelling" area. No reference or notice was ever given to any one that any consideration was to be had as to re-zoning Lot 1 to F-Retail. Neither was there ever any request filed to change the zoning from "A-Dwelling" to "C-Dwelling."

The Zoning Commission did not recommend the denial of re-zoning the property as F-Retail but rejected the petition and the request never was considered further at any time until acted upon by the City Commission. Consequently, the only appeal given by Mr. Ricks on July 15, 1957, was concerning the action of the Zoning Commission in re-zoning Lot 1 from A-Dwelling to C-Dwelling, which would be a month and 5 days after the Zoning Commission rejected the petition to re-zone Lot 1 to F-Retail, and was not within the 10 days as provided for appeal under Subdivision 4 of Section 20 of the Zoning Ordinance of the City of Amarillo.

Article 1011f of Vernon's Ann. Texas Revised Civil Statutes provides:

"In order to avail itself of the powers conferred by this Act, such legislative body shall appoint a commission, to be known as the Zoning Commission, to recommend the boundaries of the various original districts and appropriate regulations to be enforced therein. Such commission shall make a preliminary report and hold public hearings thereon before submitting its final report, and such legislative body shall not hold its public hearings or take action until it has received the final report of such commission. Where a city plan commission already exists, it may be appointed as the Zoning Commission. Written notice of all public hearings before the Zoning Commission on proposed changes in classification shall be sent to owners of real property lying within two hundred (200) feet of the property on which the change in classification is proposed, such notice to be given, not less than ten (10) days before the date set for hearing, to all such owners who have rendered their said property for city taxes as the ownership appears on the last approved city tax roll. Such notice may be served by depositing the same, properly addressed and postage paid, in the city postoffice. Where property lying within two hundred (200) feet of the property proposed to be changed is located in territory which was annexed to the city after the final date for making the renditions which are included on the last approved city tax roll, notice to such owners shall be given by publication in the manner provided in Section 4 of this Act. As amended Acts 1953, 53rd Legl., p. 732, ch. 287, § 1."

In the first part of the statute it provides, "In order to avail itself of the powers conferred by this Act, such legislative body shall appoint a commission * * *." By this act is meant Articles 1011a–1011j. The Zoning Commission never, at any time, gave the written notice of a hearing to re-zone the property to F-Retail as provided in Article 1011j, but only gave notice as to re-zoning to C-Dwelling. The report by the Zoning Commission to the City Commission was that the property be re-zoned to C-Dwelling. This report was rejected by the City Commission and the property re-zoned by the City Commission as F-Retail. The Zoning Commission did have a hearing as to C-Dwelling and was all that. was appealed to the City Commission, especially since the Zoning Commission had not given proper notice as provided under Article 1011f as to F-Retail.

■ Because of the failure of appellant, Robert Ricks, to appeal in time from the action of the Zoning Commission in rejecting his petition to re-zone Lot 1 as

F-Retail; for the reason that no written notice as to re-zoning the property to F-Retail has ever been given to the property owners located within 200 feet of the property affected as required by Article 1011f, and for the further reason that the matter of re-zoning the Lot 1 as F-Retail was not further considered as required by statute, we are of the opinion, and so hold, that the Amendment No. 3056 was of no force and effect, and that the judgment of the trial court should be affirmed.

Appellants rely a great deal upon the case of Clesi v. Northwest Dallas Imp. Ass'n, Tex.Civ.App., 263 S.W.2d 820. We do not believe that case is in point here. Article 1011f of Vernon's Ann.Texas Revised Civil Statutes provides the legislative body shall not *hold its public hearing or take action until it has received the final report of such Commission.* (emphasis ours) The City Commission is the legislative body here in question. No petition was filed to re-zone the lot from A-Dwelling to C-Dwelling. The only petition filed was to have the Lot re-zoned to F-Retail and that was rejected, and no further action taken on such denial. So, no final report of such Commission as to F-Retail has ever been received by the City Commission. No notice has ever been given to the parties owning property within 200 feet of the property proposed to be re-zoned to F-Retail as required by Article 1011f. The Zoning Commission only gave notice as to a change to C-Dwelling.

In the Clesi case the Zoning Commission had reported its action to the City Commission. But, should it be considered the case holds that the City Commission that acts under Article 1011a–1011j can re-zone property without any hearing or a report from the Zoning Commission, we would respectfully disagree with that interpretation because Article 1011f specifically provides, "* * * such legislative body shall not hold its public hearing or take action until it has received the final report of such commission." This means

the report of the re-zoning Commission. But should we be in error that the final report has never been properly presented to the City Commission as to F-Retail, we are of the opinion the City Commission could not take the action it did in passing Ordinance No. 3056 without Article 1011f had been complied with. It is undisputed that such notice as there required was never given by the Zoning Commission in any way concerning a change to F-Retail. As it affects this case, the proposed change as provided for in Art. 1011f has reference to a change to F-Retail and not a change to C-Dwelling.

Without discussing the matter further, we adopt the reasoning and statements made in the case of Tonroy v. City of Lubbock, Tex.Civ.App., 242 S.W.2d 816, and the cases there cited, and think the identical question involved herein was there determined contrary to the contention of appellants.

Judgment of the trial court is affirmed.