Clif TRUMAN et al., Appellants,

v.

Charles A. IRWIN et al., Appellees.

No. 17366.

Court of Civil Appeals of Texas, Fort Worth.

Dec. 22, 1972.

Mehl, Williams, Cummins & Truman, and Tim Truman, Fort Worth, tor appellant, Clif E. Truman.

Rex McEntire, Fort Worth, for appellant, City of Haltom City.

Wynn, Irby, Brown, McConnico & Mack, and Elmo Irby and Henry C. Meyer, Fort Worth, for appellees.

OPINION

MASSEY, Chief Justice.

The trial court declared to be void and of no effect for want of compliance with the provisions of Vernon's Ann.T.S. Art. 1011d, "Method of procedure (zoning changes, etc.)" and of V.A.T.S. Art. 1011e, "Changes (in zoning where in view of contest there must be a three-fourths vote therefor)", a certain purported change in a zoning ordinance of the City of Haltom City, a Home Rule City. The City and the individual in whose interest there was such change in zoning have brought their appeal.

Affirmed.

The circumstances were these. Clif Truman desired a change of zoning on certain lots from existent "one family" residential use to "garden apartment" residential use. There was a protest of the proposed change signed by the owners of 20 per cent or more of the property immediately adjacent. See V.A.T.S. Art. 1011e.

The Zoning Board recommended to the City Council of the City of Haltom City that there be a change in zoning as requested by Truman. In view of the provisions of V.A.T.S. Art. 1011d, there was apparent recognition of the requirement for at least 15 days' notice of the time and place of the hearing by the avenue of publication thereof in an official paper, or a paper of general circulation, in the municipality. The City did comply with that requirement. The notice of hearing prescribed its date as June 10, 1971.

On date of the announced hearing, June 10, 1971, there was hearing and consideration of the application for change in zoning as requested by Truman. A vote was taken and announced. Of the six of the seven-member councilmen present and voting five voted to approve the change in zoning. Five-sevenths (⅚ths) of the City's governing board voted affirmatively for the rezoning of Truman's property, with one member voting in the negative and one member not present and not voting.

Obviously three-fourths (¾ths) of the City's governing board had not voted to approve the change in zoning, and, in view of the provisions of V.A.T.S. Art. 1011e relative to a want of as much as a three-fourths (¾ths) approval the proposed ordinance to change zoning did not become effective (or even set in motion any series of events by which it could become effective).

The foregoing is conceded by all parties to the appeal. However, it is the contention of those appealing the trial court's holding that there was error because events subsequent to the hearing and vote on June 10, 1971 cured and obviated the want of a three-fourths (¾ths) approval on initial vote, and that this court should so hold.

These events were: there were additional hearings on Truman's application on June 24, 1971 and on August 19, 1971. Of these hearings there was not publication by newspaper as provided by Art. 1011d (with the provisions of which there had been compliance concerning notice of the June 10th hearing). However, there had been in each instance notice by "Agenda Notices" posted on the bulletin board of the City Hall of the City of Haltom City at least six (6) days prior to the public meetings for the transaction of the business of the municipality. Thereby was notice that on those dates the same application for a change in zoning would be heard and considered by the City Council. At these meetings, on these dates, the City's governing board voted upon and purportedly passed the ordinance effecting the desired change in zoning by a six-sevenths (⁶⁄₇ths) vote of approval on both dates. If otherwise effective this meant that at least three-fourths (¾ths) of the City's governing board had approved the zoning change and that there was compliance with the provisions of Art. 1011e.

■ However, it is obvious that the times upon which the City's governing board attempted to act did not fall within the requisite provisions of Art. 1011d in that there was not at least 15 days' notice of the time and place of such hearings and there was not the publication of notices "in an official paper, or a paper of general circulation, in such municipality" as thereby provided.

■ Each act required by the statutes applicable to municipal action of this type is essential to the exercise of jurisdiction by its governing body. An attempted exercise of authority where there is a want of jurisdiction action and/or accomplishment purportedly effected thereby must be set aside when directly attacked.

To this effect is the law as declared in Bolton v. Sparks, 362 S.W.2d 946 (Tex. Sup., 1962), an instance where municipal action relative to change in zoning was pursuant to hearings held at fourteen (14) day intervals, and therefore not in compliance with provisions of Art. 1011d requiring at least 15 days' notice. To the same effect is the holding in Tonroy v. City of Lubbock, 242 S.W.2d 816 (Amarillo, Tex. Civ.App., 1951, writ ref., n. r. e.).

The ordinance of the City of Haltom City purportedly effecting the change in zoning was properly invalidated and declared void and ineffective because of non-compliance with statutory law relative to publication of notices of hearings after the hearing on June 10, 1971, whether considered in connection with or independent of the hearing of June 10th, in respect to manner by which there was publication and also relative to insufficient expiration of time after notices were given and before hearings were held.

Judgment is affirmed.