**SIMONS LAND COMPANY, Appellant,**

v.

**CITY OF DALLAS et al., Appellees.**

**No. 5318.**

Court of Civil Appeals of Texas, Waco.

March 21, 1974.

Rehearing Denied April 18, 1974.

See 510 S.W.2d 32.

Wynne, Jaffe & Tinsley, Dallas, for appellant.

Saner, Jack, Sallinger & Nichols, N. Alex Bickley, City Atty., Dallas, for appellees.

HALL, Justice.

On March 26, 1973, by its amendatory zoning ordinance no. 14027, the city of Dallas changed the use classification of a tract of land owned by Albert Susman from "Residential" to "Shopping Center." Asserting that the ordinance is invalid, plaintiff-appellant brought this suit against the City, Susman and K. G. Moore to enjoin the issuance of any building permits by the City, or any construction on the tract by Susman and Moore, under the ordinance. All parties moved for summary judgment. The defendants' motion was granted. Judgment was rendered declaring the ordinance valid and denying plaintiff any relief. We affirm.

There is no dispute in the facts. Susman and Moore separately own adjoining tracts in the City of Dallas which total 35 acres. At Moore's request, a change in land use zoning was effected on his part of the 35 acres by the Dallas City Council on March 8, 1971. In January, 1973, Susman and Moore jointly filed an application with the City Plan Commission of Dallas to have the 35 acres zoned from residential uses to "Shopping Center." Following a hearing which was attended by plaintiff's representative, the City Plan Commission approved the application and recommended to the City Council that it be granted.

Article VI, Section 7, of the Rules and Regulations adopted by the City Council governing the conduct of the official business of the City Plan Commission provides as follows:

"After a final decision is reached by the Commission or City Council in a request for zoning amendment involving a specific piece of property, no additional application will be accepted involving the property within a period of twenty-four (24) months from the date of final decision, except:

"(a) At request of, or referral back from, the Council;

"(b) On written request by applicant, with pertinent facts which the City Planning Commission deems sufficient to warrant a new hearing. Such requests shall not be set for public hearings unless approved by a majority vote of the Commission. If a rehearing is granted by the Commission, then the procedure thereon will be the same as that given an original application for zoning change filed with the Commission."

The Susman-Moore 35-acre application was heard by the City Council on March 5, 1973. At the hearing, plaintiff's attorney reminded the Council that Moore's property was rezoned on March 8, 1971, and suggested that a consideration of the application would violate the City Plan Commission rules and regulations. Action on the application was postponed by the Council for one week. On March 12th, the Council

granted the application "on the Susman tract only" and remanded Moore's request to the City Plan Commission for the filing of another application by him and a new hearing. This Council action was finalized by enactment of the questioned ordinance which rezoned only Susman's part of the 35 acres. The required public notices that issued on the Susman-Moore application, the report from the Commission to the Council, the site plan introduced at the hearings before the Commission and the Council on the Susman-Moore application, and all pertinent representations made at these hearings, treated the Susman and Moore tracts as a single 35-acre tract.

In December, 1972, and January, 1973, plaintiff petitioned the City Plan Commission for a waiver of the 24-month rule in connection with a change in zoning sought on plaintiff's property located near the Susman and Moore tracts. Each time the plea was denied. In February, 1973, plaintiff appealed to the City Council, the waiver was granted, and plaintiff was permitted to file its application with the Commission.

In two points of error, plaintiff asserts the questioned ordinance should have been declared invalid by the trial court for these reasons: (1) It was enacted in violation of the 24-month rule set forth in Article VI, Section 7, of the regulations adopted by the City Council for filing zoning applications with the City Plan Commission. (2) The Council denied plaintiff equal protection of the law when it enacted the ordinance because the Council ignored the 24-month rule as to Susman's application but strictly enforced it as to plaintiff's application.

■ The regulation relied upon by plaintiff was adopted for the guidance of the City Plan Commission. Compliance with the regulation is not jurisdictional insofar as the Council's right to consider an application is concerned. McNutt Oil & Refining Co. v. Brooks, (Tex.Civ.App., 1951, no writ hist.) 244 S.W.2d 872, 878.

■ Plaintiff argues that the City Plan Commission might have recommended that the zoning change not be granted if it had been considering only the Susman tract. The City Plan Commission functions as an advisory board, and the Council is not bound to accept its recommendation. The Council would have had the power to override a negative report from the Commission on Susman's property. Clesi v. Northwest Dallas Imp. Assn., (Tex.Civ. App., 1953, writ ref., n. r. e.) 263 S.W.2d 820, 830.

The record shows that, excepting the irregularity raised by plaintiff, every procedural prerequisite for placing the Susman-Moore application before the Council for consideration was met. After a public hearing, the Council determined that the irregularity did not relate to all of the property for which rezoning was sought and concluded that the remaining part should be rezoned. This was the part owned by Susman. The ordinance in question rezoned only this part. Moore's tract —the part to which the regulation applied —was sent back to the Commission in keeping with the Commission rules. It follows that unless the Council was legally bound under the circumstances to zone all or none of the 35-acres presented for rezoning in the single Susman-Moore application and was without authority to carve Susman's tract from the whole and rezone it, then both contentions by plaintiff are without merit because only Moore faced the 24-month rule and he and plaintiff were treated equally by the Council.

■■ It is our opinion that the Council was authorized to rezone less than the whole 35-acres for the use sought in the application if it acted in good faith and if the rezoning promotes the health, safety, morals or general welfare of the community. Article 1011a, Vernon's Texas Civil Statutes. City of Corpus Christi v. Jones, (Tex.Civ.App., 1940, writ dism. jud. cor.) 144 S.W.2d 388, 393–394. Plaintiff does not assert that the record fails to establish these predicates. Ordinarily, one who op-

poses the validity of an ordinance must conclusively establish that its passage is an unreasonable exercise of the police power of the city, or that the Council acted arbitrarily or capriciously or fraudulently. However, the proponents of the validity of an ordinance are not entitled to a summary judgment sustaining the validity of the ordinance unless the record affirmatively establishes that conditions either conclusively support passage of the ordinance or make that action debatable or issuable. Baccus v. City of Dallas (Tex. Sup., 1970) 454 S.W.2d 391, 392; City of University Park v. Benners, (Tex.Sup., 1972) 485 S.W.2d 773, 781. We have carefully reviewed the record and, without reciting it, we hold that the proof does meet the test of *Baccus* and *Benners*.

The judgment is affirmed.