**MIDWAY PROTECTIVE LEAGUE,**
Appellant,

v.

**CITY OF DALLAS, Appellee.**

No. 8403.

Court of Civil Appeals of Texas, Texarkana.

April 19, 1977.

Rehearing Denied May 17, 1977.

---

Pat Guillot, Collie, McSpedden & Roberts, Dallas, for appellant.

N. Alex Bickley, City Atty., Dallas, for appellee City of Dallas.

Robert H. Thomas, Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellees/intervenors.

RAY, Justice.

Midway Protective League, appellant (plaintiff), brought suit against appellee (defendant), the City of Dallas, attacking the validity of a zoning ordinance on the ground that the City did not comply with the necessary jurisdictional prerequisites and on the ground of spot zoning. Appellees, Jack W. Lively and Joan Stansbury, owners of the land being rezoned, intervened. The court tried the case without the aid of a jury and entered judgment for the City of Dallas, Jack W. Lively and Joan Stansbury, upholding the validity of the ordinance. Appellant, Midway Protective League, an unincorporated association of real property owners residing in the neighborhood of the zoning change, has perfected its appeal and submits four points of error for our consideration.

Dallas Zoning Ordinance No. 14645 rezoned 7.9806 acres of land for use as a "dry" shopping center. The land is part of a 17.54 acre tract owned by Appellees Lively and Stansbury. Their land had previously been in an area zoned for residential use, but had never been developed.

In addition to regulating the development plans of the 7.9806 acre shopping center tract, the ordinance imposes restrictions on the remainder of the large tract. The remainder of the 17.54 acres retains its residential classification but lots created from the tract are required to be of a certain minimum depth and size. A conceptual plan has been affixed to the ordinance anticipating additional development of landscaping, public streets and alleys. This additional development is conceived to fall not only on the rezoned 7.9806 acre shopping center, but also on the remainder of the 17.54 acres owned by the intervenors.

The appellant asserts that the rezoning ordinance is void because of failure to comply with procedural requirements of the State Zoning Enabling Act, Article 1011, Tex.Rev.Civ.Stat.Ann. Article 1011a and Article 1011j, Tex.Rev.Civ.Stat.Ann., empower cities to regulate the use of property within their boundaries and set out the procedures for doing so. The appellant has filed points of error asserting four separate procedural violations.

█ The appellant's first point of error asserts that the ordinance was void for lack of jurisdiction when the City Council determined without report and recommendation

from the Planning Commission, and without public notice and hearing that the shopping center would be "dry."

The Planning Commission did give notice, hold a public hearing, and make a report and recommendation to the City Council that the zoning be changed to permit all uses of a shopping center district. The City Council similarly gave notice and held a public hearing on the acceptance of the Planning Commission's recommendations. No consideration was given by anyone to the wet or dry status of the shopping center until the deliberations of the City Council, well after public hearings had been held. At that time the City Council determined on its own motion that the dry suffix "D" should be added to the zoning classification of the proposed development district.

■ Article 1011f requires that the City Council receive a final report of its zoning commission before holding hearings or taking action on a zoning ordinance. The authorities have been said to be in conflict as to whether the City Council may act to amend an original zoning ordinance without first receiving recommendations regarding the amendment from the City Zoning Commission after public hearing before that commission. 63 Tex.Jur.2d, Zoning, Sec. 106. Those cases denying the right of the City to take action have been based on the absence of a recommendation of any nature by the Planning Commission to the City Council. *Smart v. Lloyd,* 370 S.W.2d 245 (Tex.Civ.App. Texarkana 1963, no writ); *Bolton v. Sparks,* 362 S.W.2d 946 (Tex.1962). Those cases affirming the right of the City to act have upheld the sufficiency of a challenged but existent commission report. *Nichols v. Dallas,* 347 S.W.2d 326 (Tex.Civ. App. Dallas 1961, writ ref'd n.r.e.); *Clesi v. Northwest Dallas Imp. Ass'n,* 263 S.W.2d 820 (Tex.Civ.App. Dallas 1953, writ ref'd n.r.e.). The requirement is not that a given amendment have actually been discussed before the commission, but that an opportunity was afforded for it to have been. The appellant contends that this rule should be applied to only minor amendments made by the City Council on the recommendation of the Zoning Commission. *City of Corpus Christi v. Jones,* 144 S.W.2d 388 (Tex.Civ. App. San Antonio 1940, writ dism'd).

■ The appellant states that the wet or dry status of a development district is not a minor matter. However, appellant has failed to show that as applied to its members the dry status of the district as imposed by the City Council is anything but minor. Amendments of zoning ordinances ought not to be set aside lightly because of procedural defects in their adoption, especially at the behest of persons who have not shown themselves to be prejudiced significantly by the procedural deficiencies at a great or disproportionate cost to other persons who have relied in good faith on the amendment as adopted. Appellant has not shown that it was prejudiced by a lack of greater specificity of notice or of recommendation and report of the City Planning Commission. The first point of error is overruled.

■ Appellant's second point of error urges that the ordinance was void because it was not passed by a three-fourths majority of the City Council. A three-fourths majority vote is required when written protests are filed by the owners of at least twenty percent of the land immediately joining and extending two hundred feet from the area of the proposed change. Article 1011e (Supp.1976–1977), Tex.Rev.Civ. Stat.Ann.

It was stipulated that the owners of much less than twenty percent of the land within two hundred feet of the shopping center had filed such protest. Appellant contends, however, that the owners of much more than twenty percent of the land within two hundred feet of the intervenors' entire 17.54 acre tract have so protested. At issue in the appellant's second point of error is the base line for measuring the two hundred foot reach for those statutorily enfranchised to protest.

Rezoning was restricted to 7.9806 acres of the intervenors' 17.54 acre tract. The 7.9806 acre tract is so located that the intervenors themselves own much of the land

within two hundred feet of the shopping center. The possibility of the owners of twenty percent of the adjoining property making an objection was made all but impossible since the shopping center tract is virtually surrounded by properties owned by the intervenors.

The preclusion of a larger than a majority vote by the creation of a buffer zone between property sought to be rezoned and the lands of adjacent property owners has been approved in other states which have considered the question. *St. Bede's Episcopal Church v. City of Santa Fe*, 85 N.M. 109, 509 P.2d 876 (1973); *Heaton v. City of Charlotte*, 277 N.C. 506, 178 S.E.2d 352 (1971); *Armstrong v. McInnis*, 264 N.C. 616, 142 S.E.2d 670 (1965); *Montebello Land Co. v. Frank Novak Realty Co.*, 167 Md. 185, 172 A. 911 (1934); 1 Rathkopf, The Law of Zoning and Planning, 28–11 (1972). No sound authority has been found to the contrary, nor does the appellant deny the validity of the rule. Rather, the appellant argues that the buffer zone is actually within the area rezoned because the ordinance has imposed upon it standards and restrictions. Article 1011d and Article 1011e specify that "regulations, restrictions and boundaries" are subject to the procedural safeguards of the enabling act. Even if the conceptual plans affixed to the ordinance are disregarded as not being part of the ordinance itself, the size requirements imposed on lots carved out of the remainder of the 17.54 acres arguably represent restrictions imposed beyond the limits of the planned development district.

There is authority for severing invalid portions of an ordinance. *City of Fort Worth v. Atlas Enterprises*, 311 S.W.2d 922 (Tex.Civ.App. Fort Worth 1958, writ ref'd n.r.e.); *City of Lubbock v. Whitacre*, 414 S.W.2d 497 (Tex.Civ.App. Amarillo 1967, writ ref'd n.r.e.); *City of Clute v. Linscomb*, 446 S.W.2d 377 (Tex.Civ.App. Houston-1st 1969, no writ). Severance has not, however, been requested. The rezoning of the 7.9806 acre shopping center tract, though it may have included future plans related to the remainder of the 17.54 acre tract, did not have the effect of enlarging the shopping center tract. All home owner protests were directed to the rezoning of the 7.9806 acre shopping center tract, not to the standards imposed on the remainder of the intervenors' land. Both the protests and the rezoning ordinance will be restricted to their plain meaning.

■ The validity of standards and requirements imposed beyond the shopping center tract has not been made subject to direct attack. Such a direct attack is required to invalidate an exercise of municipal authority for want of jurisdiction. *Truman v. Irwin*, 488 S.W.2d 907 (Tex.Civ.App. Fort Worth 1972, no writ). In the absence of a direct attack, the ordinance in its entirety is protected by a presumption of validity. *City of Waxahachie v. Watkins*, 154 Tex. 206, 275 S.W.2d 477 (1955); *Simons Land Company v. City of Dallas*, 507 S.W.2d 828 (Tex.Civ.App. Waco 1974), On Motion For Rehearing, 510 S.W.2d 32 (1974, no writ). Appellant's second point of error is overruled.

■ In appellant's third point of error it is submitted that the imposition of changes, restrictions and regulations on land outside the rezoned planned development district invalidates the ordinance. Here again the appellant does not seek severance or directly attack the invalidity of any portion of the action by the City as it relates to land outside the shopping center tract. The appellant cites no authority and none has been found which would support invalidating an ordinance otherwise validly enacted because the ordinance reaches in part beyond the development district which was its primary objective. Article 1011b might be employed to invalidate such portions of the ordinance as have reached too far, but not to invalidate the ordinance as a whole. This Court declines to rule on the validity of portions of the ordinance which have not been attacked. Appellant's third point of error is overruled.

■ Appellant's fourth point of error complains that the City failed to acquire jurisdiction to rezone because of a lack of proper notice. It is undisputed that the

City did send notice of the hearings which were held before the Planning Commission and the City Council. Appellant complained, however, that such notice was inadequate to advise interested parties of all of the changes which would be made. In particular, appellant refers to a lack of notice that the shopping center would be zoned "dry" and that the area beyond the limits of the shopping center would be affected.

The requisite details of notice of hearing are not specified by statute. The general rule is that the notice is sufficient if it reasonably apprises those for whom it was intended of the nature of the pending proposal to the extent that they can determine whether they should be present at the hearing. The content of the notice should be sufficiently specific to warn the recipient that he may be affected by the contemplated action and a notice deficient in this respect will be treated as no notice at all. While the notice need not be complete and perfect in every respect, it must be such as will afford the recipient an opportunity to oppose the measure if he desires. 96 A.L. R.2d 449, 457, Zoning Ordinance-Notice Requirements. Deviation of an ordinance from the descriptions of the notice and the discussions at the statutory hearing is permissible unless the changes become so substantial that the proposal made can be said to be a new one. *City of Corpus Christi v. Jones,* supra; *Amarillo v. Wagner,* 326 S.W.2d 863 (Tex.Civ.App. Amarillo 1959, writ ref'd n.r.e.).

The notice in the present case was general. It was sufficient, however, to advise that a planned development for a shopping center was under consideration. The subsequent addition of the "dry" suffix may, under the circumstances, be construed to be a minor change in the development scheme, particularly as applied to the appellant. We hold that the rezoning of the shopping center development district was supported by adequate notice. Appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.