# NO. 12-22-00312-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***CITY OF RUSK, TEXAS, ET AL, APPELLANTS*** | § | ***APPEAL FROM THE 2ND*** |
| ***V.*** | § | ***JUDICIAL DISTRICT COURT*** |
| ***260 OFFICE PARK, INC., JAN EVAN PATE, AND B-D-J'S PROPERTIES, INC., APPELLEES*** | § | ***CHEROKEE COUNTY, TEXAS*** |

### *MEMORANDUM OPINION*

City of Rusk, Texas (the City), the Honorable Mayor Ben Middlebrooks, in his official capacity, Rusk City Manager Amanda Hill, in her official capacity, Rusk City Council Members Kendall Shoemaker, Walter Session, Zack McNew, Martha Neely and Frances Long, in their official capacities, Rusk City Secretary Cinda Etheridge, in her official capacity, and Rusk City Building Inspector Brandon Scarborough, in his official capacity, (collectively Appellants) appeal the trial court's order denying their plea to the jurisdiction in favor of Appellees 260 Office Park, Inc., Jan Evan Pate, and B-D-J Properties, Inc. (collectively Appellees). In one issue, Appellants argue that the trial court erred in denying their plea to the jurisdiction. We affirm in part and reverse and remand in part.

The underlying dispute arose over the redevelopment of the Rusk Hotel, which is located in downtown Rusk, Texas. The property is owned by 260 Office Park, which has a contract to sell the property to B-D-J. Pate was conducting the redevelopment of the property, which, when completed, would be used by both commercial and residential tenants.

In September 2021, after much of the renovation was complete and a temporary certificate of occupancy for four of the second-floor residential units was issued, the City sought to pass an ordinance which precluded the use of properties located in its "Old Town Center" district for residential purposes. Such an ordinance, if valid, would apply to the Rusk Hotel. According to Appellees' allegations in their pleadings, the City, based on this ordinance, took steps to halt the continuation of redevelopment work being undertaken at the Rusk Hotel and suspended its residential occupation.

Subsequently, according to Appellants, the City determined that, due to an clerical error related to the system it used to upload its ordinances to a website where they can be viewed, the September 2021 ordinance was enacted in error. The City further claimed that its issuance to 260 Office Park of a temporary certificate of occupancy was the erroneous result of a procedural oversight. Thereafter, the City cited 260 Office Park with numerous building code violations, which it alleged rendered the structure "unsafe."

On June 3, 2022, Appellees filed the instant suit against Appellants, by which they sought a declaratory judgment based on, in pertinent part, (1) the alleged violation of the notice requirements of Texas Local Government Code, Chapter 211 with regard to the passage of the September 2021 ordinance, (2) the alleged violations of the Open Meetings Act with regard to the passage of the September 2021 ordinance, and (3) the alleged interference with their vested property rights under Texas Local Government Code, Chapter 245 resulting from the City's attempt to enforce the residential limitations in the August 2022 ordinances[2] against the Rusk

---

[1] Appellants failed to include any citation to the nearly 700-page record to support the factual assertions made in their brief. *See* TEX. R. APP. P. 38.1(g). Failure to comply with this rule can result in waiver of appellate issues raised. *See, e.g.*, **Shelley v. Colorado Bd. of Governors**, No. 07-15-00410-CV, 2016 WL 3977388, at *1 (Tex. App.–Amarillo July 19, 2016, pet. denied) (mem. op.). However, in the interest of justice, and in partial reliance on the citations from Appellees' brief, we have endeavored to navigate the voluminous record in an effort to resolve this matter. *But see* **Rubsamen v. Wackman**, 322 S.W.3d 745, 746 (Tex. App.–El Paso 2010, no pet.) (appellate court not required to sift through the record in search of facts supporting a party's position).

[2] In August 2022, during the pendency of Appellees' suit, the City passed two new zoning ordinances related, in part, to how property located in the Old Town Center could be used. The first ordinance permits

Hotel, which they allege should be governed by a prior zoning regime. Appellants filed an amended plea to the jurisdiction, in which they argued that Appellees' claims either were not ripe for disposition or had been rendered moot, and that Appellees failed to exhaust their administrative remedies with regard to their Chapter 245 claim. Following a hearing on the matter, the trial court denied Appellants' plea, and this interlocutory appeal followed.[3]

**SUBJECT MATTER JURISDICTION**

In their sole issue, Appellants argue that the trial court erred in denying their plea to the jurisdiction.

**Standard of Review and Governing Law**

A plea to the jurisdiction is a dilatory plea by which a party challenges the trial court's subject matter jurisdiction. *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Its purpose is to defeat a cause of action without regard to whether the claims asserted have merit. *Blue*, 34 S.W.3d at 554. The trial court's ruling on a plea to the jurisdiction is subject to de novo review. *Suarez v. City of Texas City*, 465 S.W.3d 623, 632 (Tex. 2015).

A plea to the jurisdiction may challenge either the sufficiency of jurisdictional allegations in the pleadings or the existence of jurisdictional facts. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004). When a plea to the jurisdiction challenges the sufficiency of the pleadings, we determine whether the plaintiff has met that burden by pleading facts that affirmatively demonstrate the trial court's subject matter jurisdiction. *Id.* at 226. In so doing, we construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *Id.* at 226, 228. If the pleadings are insufficient to establish jurisdiction but do not affirmatively demonstrate an incurable defect, then the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007); *Miranda*, 133 S.W.3d at 226–27. On the other hand, if the pleadings affirmatively negate the existence of the trial court's

residential use of the properties in the Old Town District only if the City grants the property owner a special use permit. The second ordinance imposes minimum square-footage classifications of 375 square feet of space for any property occupied for residential purposes in the Old Town Center district. In addition to their application for certificate of occupancy, Appellees requested a special use permit in September 2022 (collectively request for special use permit).

[3] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(8) (West Supp. 2022).

3

jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Miranda*, 133 S.W.3d at 226–27.

When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties to the extent necessary to resolve the jurisdictional issues, just as the trial court is required to do. *Id.* at 227. When a plea to the jurisdiction includes evidence, and the jurisdictional challenge implicates the merits of the plaintiff's cause of action, the trial court will review the relevant evidence to determine whether a fact issue exists. *Id.* at 227. If the evidence presents a jurisdictional fact question, a plea to the jurisdiction may not be granted and the fact finder should resolve the fact issue. *Id.* at 228. If, however, the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, then the plea to the jurisdiction may be ruled on as a matter of law. *Id.*

Under the Uniform Declaratory Judgments Act, a person whose rights, status, or other legal relations are affected by a statute or municipal ordinance may have determined any question of construction or validity arising under the statute or ordinance and "obtain a declaration of rights, status, or other legal relations thereunder." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (West 2020). But the Act gives the court no power to pass upon hypothetical or contingent situations, or to determine questions not then essential to the decision of an actual controversy, even though such questions may in the future require adjudication. *Riner v. City of Hunters Creek*, 403 S.W.3d 919, 922 (Tex. App.–Houston [14th Dist.] 2013, no pet.). Thus, a declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the declaration will resolve the controversy. *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 163–64 (Tex. 2004).

**Ripeness**

Appellants first argue that Appellees' claims were not ripe for determination because (1) Appellants never sought to enforce the zoning ordinances with regard to the September 2021 ordinance, which they contend was adopted in error, and (2) Appellees filed suit on their Chapter 245 claim before the City had an opportunity to grant or deny their request for special use permit.

Ripeness is a component of subject-matter jurisdiction. *Robinson v. Parker*, 353 S.W.3d 753, 755 (Tex.2011). To evaluate ripeness, courts consider whether, at the time a lawsuit is filed, the facts are developed sufficiently so that an injury has occurred or is likely to occur, rather than being contingent or remote. *See Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849,

851–52 (Tex. 2000) (citing *Patterson v. Planned Parenthood of Houston & Se. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998)). Although a claim need not be fully ripened at the time suit is filed, the facts still must be developed sufficiently for the court to determine that an injury has occurred or is likely to occur. *Robinson*, 353 S.W.3d at 755. If a party cannot demonstrate a reasonable likelihood that the claim soon will ripen, the case must be dismissed. *Id.* (citing *Perry v. Del Rio*, 66 S.W.3d 239, 251 (Tex. 2001)).

*Violation of Open Meetings Act*

The Open Meetings Act expressly waives sovereign immunity for violations of the Act. *Hays Cty. v. Hays Cty. Water Planning P'ship*, 69 S.W.3d 253, 257 (Tex. App.–Austin 2002, no pet.). The Act requires that all meetings of governmental bodies be open to the public unless otherwise expressly authorized by law. *See id.* (citing TEX. GOV'T CODE ANN. § 551.002 (West 2017)). The purpose of the Open Meetings Act is "to safeguard the public's interest in knowing the workings of its governmental bodies." *City of San Antonio v. Fourth Court of Appeals*, 820 S.W.2d 762, 765 (Tex. 1991). Under the Act, an interested person may bring an action to stop, prevent, or reverse a violation or threatened violation of the Act by members of a governmental body. *See Burks v. Yarbrough*, 157 S.W.3d 876, 880 (Tex. App.–Houston [14th Dist.] 2005, no pet.). The Act widely has been held to confer standing on "members of the interested public" and does not require that a plaintiff demonstrate a particularized injury. *See id.* (citing *Matagorda Cty. Hosp. Dist. v. City of Palacios*, 47 S.W.3d 96, 102 (Tex. App.–Corpus Christi 2001, no pet.) (following majority of courts that broadly have interpreted phrase "interested person" under Open Meetings Act); *Rivera v. City of Laredo*, 948 S.W.2d 787, 791–92 (Tex. App.–San Antonio 1997, writ denied) (adopting broad interpretation of "interested person"); *Save Our Springs All., Inc. v. Lowry*, 934 S.W.2d 161, 163 (Tex. App.–Austin 1996, no writ) (noting that standing conferred by the Open Meetings Act is broader than taxpayer standing and rejecting requirement that citizen prove interest different from general public); *City of Fort Worth v. Groves*, 746 S.W.2d 907, 913 (Tex. App.–Fort Worth 1988, no writ) (holding that "affected taxpayer and citizen" had standing under Open Meetings Act); *Cameron Cty. Good Gov't League v. Ramon*, 619 S.W.2d 224, 230 (Tex. Civ. App.–Beaumont 1981, writ ref'd n.r.e.)).

Here, Appellees allege in their pleadings that the City failed to give written notice of the date, hour, place, and subject of the September 9, 2021 meeting where a zoning change was

adopted and, further, failed adequately to describe what was going to be discussed or decided. We hold that the allegations in Appellees' pleadings support the existence of subject matter jurisdiction and Appellants' contention that their claim for violation of the Open Meetings act is unripe for determination is without merit.  *See **Burks***, 157 S.W.3d at 880.

*Violation of Notice and Other Provisions of Texas Local Government Code, Chapter 211*

Appellees allege that Appellants violated the provisions of the Texas Local Government Code, Chapter 211 in the process leading to its approval of the September 2021 zoning ordinance.   Texas Local Government Code, Section 211.006 provides, in pertinent part, as follows:

> (a)  The governing body of a municipality wishing to exercise the authority relating to zoning regulations and zoning district boundaries shall establish procedures for adopting and enforcing the regulations and boundaries.  A regulation or boundary is not effective until after a public hearing on the matter *at which parties in interest and citizens have an opportunity to be heard*.  Before the 15th day before the date of the hearing, notice of the time and place of the hearing must be published in an official newspaper or a newspaper of general circulation in the municipality.
>
> (a-1) In addition to any notice required by this section or Section 211.007, the governing body of a municipality or a zoning commission, as applicable, shall provide written notice of each public hearing regarding any proposed adoption of or change to a zoning regulation or boundary under which a current conforming use of a property is a nonconforming use if the regulation or boundary is adopted or changed.  The notice must:
>
>> (1) be mailed by United States mail *to each owner* of real or business personal property where the proposed nonconforming use is located as indicated by the most recently approved municipal tax roll and each occupant of the property not later than the 10th day before the hearing date[.]

TEX. LOC. GOV'T CODE ANN. § 211.006 (West 2016) (emphasis added).  Moreover, Section 211.007 sets forth, in pertinent part, as follows:

> (b) The zoning commission shall make a preliminary report and hold public hearings on that report before submitting a final report to the governing body.  The governing body may not hold a public hearing until it receives the final report of the zoning commission unless the governing body by ordinance provides that a public hearing is to be held, *after the notice required by Section 211.006(a)*, jointly with a public hearing required to be held by the zoning commission. In either case, the governing body may not take action on the matter until it receives the final report of the zoning commission.
>
> (c) Before the 10th day before the hearing date, written notice of each public hearing before the zoning commission on a proposed change in a zoning classification *shall be sent to each owner*, as indicated by the most recently approved municipal tax roll, *of real property within 200 feet of the property on which the change in classification is proposed*.  The notice may be served by its deposit in the municipality, properly addressed with postage paid, in the United

6

States mail. If the property within 200 feet of the property on which the change is proposed is located in territory annexed to the municipality and is not included on the most recently approved municipal tax roll, the notice shall be given in the manner provided by Section 211.006(a).

*Id.* § 211.007 (emphasis added).

A party may file suit to seek to invalidate or declare void a zoning ordinance passed without compliance with statutory law relating to proper notice and hearings. *See Truman v. Irwin*, 488 S.W.2d 907, 909 (Tex. Civ. App.–Fort Worth 1972, no writ); *Wallace v. Daniel*, 409 S.W.2d 184, 187–88 (Tex. Civ. App.–Tyler 1966, writ ref'd n.r.e.) (upholding declaratory judgment finding that zoning ordinance changing zoning from single-family residential to planned commercial was invalid because city failed to follow procedures in comprehensive zoning ordinance). Such claims have been brought for many years, have been adjudicated, and are ripe for adjudication. *See City of Laredo v. Rio Grande H20 Guardian*, No. 04-10-00872-CV, 2011 WL 3122205, at *8 (Tex. App.–San Antonio July 27, 2011, no pet.) (mem. op.); *see also City of McKinney v. OH Skyline/380, L.P.*, 375 S.W.3d 580, 584 (Tex. App.–Dallas 2012, no pet.) (property "owner" had standing to bring suit for city's failure to give proper notice pursuant to Section 211.007(c) before zoning change made). Here, Appellees, who either own the affected property or potentially are interested parties,[4] alleged that when the September 2021 ordinance was signed, they had not received the notice required by Sections 211.006 and 211.007. We conclude that such lack of notice amounts to an injury and, as a result, Appellees' claim became ripe when Appellants approved the ordinance without providing such notice. *See* TEX. LOC. GOV'T CODE ANN. § 211.006, 211.007; *see also City of McKinney*, 375 S.W.3d 584; *City of Laredo*, 2011 WL 3122205, at *8. We therefore hold that the trial court was not deprived of subject matter jurisdiction over Appellees' claims arising from Appellants' alleged violation of the aforementioned sections of Sections 211.006 and 211.007 on the basis of Appellants' contentions that they are not ripe for adjudication.

### *Violation of Vested Property Rights Pursuant to Local Government Code, Chapter 245*

Chapter 245 of the Texas Local Government Code creates a system by which property developers can rely on a municipality's land use regulations in effect at the time the original

---

[4] Appellants did not challenge Appellees' entitlement to receive notice under Sections 211.006 or 211.007 at trial or in this appeal.

application for a permit is filed.  *See Save Our Springs All.*, 149 S.W.3d at 681.[5]  Under Chapter 245, a "permit" is defined to include a "form of authorization required by law, rule, regulation, order, or ordinance that a person must obtain to perform an action or initiate, continue, or complete a project for which the permit is sought."  *See* Tex. Loc. Gov't Code Ann. § 245.001(1) (West 2016).  In turn, a "project" means "an endeavor over which a regulatory agency exerts its jurisdiction and for which one or more permits are required to initiate, continue, or complete the endeavor."  *Id.* § 245.001(3).

Chapter 245 expressly authorizes enforcement of its provisions through a request for declaratory relief.  *See id.* § 245.006(a).  Further, a municipality's immunity from suit is waived in regard to an action under Chapter 245.  *See id.* § 245.005(b).

Here, Appellees sought declaratory relief to construe their rights under Section 245.002.  This section establishes a general rule that municipal regulatory agencies must consider a permit application under the terms of the ordinances, rules, and other applicable regulations that are in effect at the time a permit development plan, or plat application is filed.  *See id.* § 245.002(a).  The rights to which a permit applicant is entitled accrue on the filing of an original application that gives the regulatory agency fair notice of the project and the nature of the permit sought.  *See id.* § 245.002(a-1).  These statutory rights commonly are referred to as "vested rights."  *See Vill. of Tiki Island v. Premier Tierra Holdings, Inc.*, 464 S.W.3d 435, 440 (Tex. App.–Houston [14th Dist.] 2015, no pet.).  Vested rights attach to a project, not a particular property owner.  *Id.*

Appellees allege, and the record reflects, that they filed an application for certificate of occupancy with the City on May 26, 2022.  They further allege that under Chapter 245, the City is prohibited from imposing the zoning classification change requiring the 375 square foot minimum to the residential units adopted by the August 2022 ordinances.  Appellants argue, however, that Appellees' claim is not ripe.  We agree.

The record reflects that on the day the trial court denied Appellants' plea, Appellees' application had not yet been considered.[6]  Where there has not yet been a denial of an application

---

[5] A municipality is a "political subdivision" for purposes of Chapter 245.  *See* Tex. Loc. Gov't Ann. § 245.001(2) (West 2016).  Further, Chapter 245 defines a "regulatory agency" as "the governing body of, or a bureau, department, division, board, commission, or other agency of, a political subdivision acting in its capacity of processing, approving, or issuing a permit."  *Id.* § 245.001(4).  It is undisputed that the City is a municipality that also functions as the regulatory agency for purposes of processing, approving, or issuing a permit.

[6] At the November 10, 2022 hearing on Appellants' plea, the parties indicated that Appellees' request for special use permit was to be considered at a meeting scheduled to take place that evening.

with reasons given for the basis for the denial, a claim to construe a party's rights under Chapter 245 is not ripe for disposition. *See id.* at 442; *Save Our Springs All.*, 149 S.W.3d at 684 (to be ripe, a claim under Chapter 245 requires that permits be issued or denied); *see also City of Hunters Creek*, 403 S.W.3d at 924 (failure to reapply after correcting other bases for denial of application and failure to request variances rendered any injury from alleged misinterpretation of ordinance concerning lot size hypothetical and, thus, not ripe). Therefore, because the City had not yet acted on Appellees' application at the time the trial court denied Appellees' plea to the jurisdiction, we hold that their claim under Chapter 245 was not ripe for disposition.[7]

**Mootness**

Appellants next argue that Appellees' two claims relating to the September 2021 ordinance were rendered moot.

To constitute a justiciable controversy, there must exist a real and substantial controversy involving a genuine conflict of tangible interests and not merely a theoretical dispute. *Tex. Dep't of Pub. Safety v. Moore*, 985 S.W.2d 149, 153 (Tex. App.–Austin 1998, no pet.). The mootness doctrine dictates that courts avoid rendering advisory opinions by only deciding cases that present a "live" controversy at the time of the decision. *Camarena v. Tex. Employment Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988). A case becomes moot when: (1) one seeks to obtain a judgment on some controversy, when in reality none exists; or (2) one seeks a judgment on some matter that, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy. *Tex. Health Care Info. Council v. Seton Health Plan, Inc.*, 94 S.W.3d 841, 846–47 (Tex. App.–Austin 2002, no pet.). Cases also may become moot when allegedly wrongful behavior has passed and could not be expected to recur. *See Save Our Springs All.*, 149 S.W.3d at 681.

---

[7] We note that following the trial court's November 10 oral pronouncement of its order denying Appellees' plea, a written order was not signed denying the same until November 17. In its brief, Appellants state that at the November 10 meeting following the hearing, the City denied Appellants' application on grounds unrelated to the zoning changes reflected in the August 2022 ordinances described by Appellants as "insufficiency." Appellants offer no citation to the record for this assertion, and this Court, after diligently searching the record, has not found any such evidence. But assuming arguendo that, as Appellants suggest, the expressed reasons for the denial are unrelated to these zoning changes, Appellees would be unable show that the denial was based on the City's failure to consider their application under the prior zoning ordinance legally in effect when they filed their application and, thus, their Chapter 245 claim still would be unripe as of the date of the trial court's written order of denial. *See Riner v. City of Hunters Creek*, 403 S.W.3d 919, 924 (Tex. App.–Houston [14th Dist.] 2013, no pet.).

Appellants argue that Appellees' two claims arising from the September 2021 ordinance are moot because the August 2022 ordinance "replaced the void ordinance" and the 2021 ordinance no longer is in the City Code.[8]

*Texas Open Meetings Act*

With regard to Appellees' claims under the Texas Open Meetings Act, if a governmental body illegally decides an issue in closed session, repealing the action does not vindicate the very right protected by the Act. *See City of Farmers Branch v. Ramos*, 235 S.W.3d 462, 469–70 (Tex. App.–Dallas 2007, no pet.). As stated by our supreme court, "Our citizens are entitled to more than a result. They are entitled not only to know what government decides but to observe how and why every decision is reached." *Id.* (citing *Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 300 (Tex. 1990)). Accordingly, we conclude that Appellees' request for a declaration that Appellants violated the statute, coupled with other potential remedies available under the Act,[9] establishes that this issue is not moot. *See Ramos*, 235 S.W.3d at 470.

*Texas Local Government Code, Chapter 211 - "Void"*

With regard to Appellees' claims under Chapter 211, we first note that Appellants have referred to the September 2021 ordinance as "void" both in the trial court and on appeal. *See Heckman v. Williamson Cty.*, 369 S.W.3d 137, 167 (Tex. 2012) (where a plaintiff challenges a statute or written policy, that challenge may well become moot if the statute or policy is repealed or fundamentally altered). At the hearing on their plea, the trial court asked Appellants whether they would be agreeable to its making a finding that the ordinance was void, but Appellants

---

[8] Appellants cite to no evidence, affidavit or otherwise, in support of their assertion that this ordinance no longer appears in the City Code. After our review of the voluminous record, we have discovered no such evidence. *See* TEX. R. APP. P. 38.1(g); *Wackman*, 322 S.W.3d at 746.

[9] In *Ramos*, the appellant argued that such additional remedies included the public's right "not only to know what government decides but to observe how and why every decision is reached." *City of Farmers Branch v. Ramos*, 235 S.W.3d 462, 469 (Tex. App.–Dallas 2007, no pet.). Ramos further argued that the trial court could declare that the appellants violated the Act and compel them to disclose to the public all transcripts, minutes, recordings, and other evidence of closed meetings, as well as require appellants to comply with the Act in the future. *See id.* It is unclear from the court's opinion whether Ramos's pleadings included a request for such relief. But as it relates to the instant case, we note that Appellees' request that the September 2021 ordinance be declared void, even without more, does not affirmatively negate the existence of the trial court's jurisdiction, and, thus, Appellees should be afforded the opportunity to amend their pleadings should they wish to seek such additional remedies. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004).

equivocated.[10]   Moreover, we have not observed anything in the record which amounts to a formal stipulation by Appellees with regard to the facts supporting the conclusion that the ordinance in question is void.  *See Regency Advantage Ltd. P'ship v. Bingo Idea-Watauga, Inc.*, 936 S.W.2d 275, 278 (Tex. 1996).

Ultimately, whether the alleged violations of Chapter 211 rendered the September 2021 ordinance void implicates the merits of Appellees' Chapter 211 claim.  Because a court should not proceed with a case over which it has no jurisdiction, that court should make the jurisdictional determination as soon as practicable, but it has discretion to defer the decision until the case has been more fully developed.  *See Miranda*, 133 S.W.3d at 227.  In cases in which the jurisdictional issue or facts "implicate the merits" of the plaintiff's case, the challenged jurisdictional facts also will determine whether the plaintiff is entitled to relief on the merits of their case.  *Univ. of Tex. v. Poindexter*, 306 S.W.3d 798, 807 (Tex. App.–Austin 2009, no pet.).  But the proper function of a dilatory plea such as a plea to the jurisdiction does not authorize an inquiry so far into the substance of the claims presented that plaintiffs are required to put on the merits of their case simply to establish jurisdiction.  *Id.*  Accordingly, where a jurisdictional issue and accompanying evidence implicate the merits of the plaintiff's case, the trial court does not act as a fact finder.  *Id.*  Rather, the defendant is put to a burden very similar to that of a movant for summary judgment.  *Id.*  That is, if the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder at trial.  *Id.*  However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law.  *Id.*

Here, because whether the September 2021 ordinance was "void" implicates the merits of Appellees' Chapter 211 claims and because Appellants did not meet their burden of establishing

---

[10] Appellants' counsel, in declining the trial court's invitation to enter a finding that the September 2021 ordinance was void, cautioned the trial court that the question of its subject matter jurisdiction, ultimately might render such a finding nugatory.  We note that an offer formally to stipulate to the facts underlying that position or otherwise judicially admit that the ordinance is void may have been an appropriate alternative.  *See Regency Advantage Ltd. P'ship v. Bingo Idea-Watauga, Inc.*, 936 S.W.2d 275, 278 (Tex. 1996) (relating to stipulation).  We cannot conclude under these facts that Appellants' varied references to the September 2021 ordinance, either before the trial court or in its brief on appeal, which, among other descriptors, include the word "void," without more, amount to a formal stipulation or judicial admission.  *See id.*  We further note that the question of whether the ordinance became void ab initio or whether it was superseded by the August 2022 ordinance is important as the date of such an occurrence relates to which prior zoning scheme might apply to Appellees' May 2022 application for certificate of occupancy and subsequent request for special use permit and the nature of its potential vested interest under Texas Local Government Code, Chapter 245, which may later become ripe.

the facts underlying that conclusion, by stipulation or otherwise, the trial court did not err in denying Appellants' plea to the jurisdiction on the issue of mootness on that basis.

<u>*Texas Local Government Code, Chapter 211 - "Replaced" or "Superseded"*</u>

Appellants further asserted to the trial court that the September 2021 ordinance was "replaced" by the August 2022 ordinances and, on appeal, suggest that the subsequent ordinances "superseded" the September 2021 ordinance. However, apart from a conclusory statement of that assertion, they decline to engage in any meaningful briefing to this court to demonstrate precisely how the August 2022 ordinances superseded, repealed, or otherwise replaced the September 2021 ordinance at issue.

It is Appellants' burden to discuss their assertions of error, and we have no duty—or even a right—to perform an independent review of the record and applicable law to determine whether there was error. **Rubsamen v. Wackman**, 322 S.W.3d 745, 746 (Tex. App.–El Paso 2010, no pet.). Despite the fact that both ordinances appear in the record before us, the question of how the latter replaces, repeals, or supersedes the former is, at best, too unclear to permit this court to engage in thoughtful analysis, particularly in light of the fact that Appellants' briefing on the issue amounts to little more than mere conclusory statements. Thus, we hold that Appellants waived the issue of whether Appellees' claims under Chapter 211 are moot as a result of the August 2022 ordinances' replacing, repealing, or superseding the September 2021 ordinance. *See* TEX. R. APP. P. 38.1(i); **Sterling v. Alexander**, 99 S.W.3d 793, 799 (Tex. App.–Houston [14th Dist.] 2003, pet. denied) (in failing to make cogent argument, appellant waived his contentions underlying his appellate issue).

**Summation**

We have concluded that Appellees have standing to pursue their claims brought under the Texas Open Meetings Act and Texas Local Government Code, Chapter 211. As a result, we hold that the trial court properly denied Appellants' plea to the jurisdiction with regard to these claims and their declaratory judgment action to the extent it relates to these claims. However, Appellees do not yet have standing to pursue their claim pursuant to Texas Local Government Code, Chapter 245 because that claim is not ripe.[11] Accordingly, we hold that the trial court erred in denying Appellants' plea to the jurisdiction with regard to this claim and their

---

[11] Because we have concluded that Appellees' claim under Texas Local Government Code, Chapter 245 is not yet ripe, we do not consider Appellants' argument that Appellees failed to exhaust its administrative remedies with regard to that claim. *See* TEX. R. APP. P. 47.1.

declaratory judgment action to the extent it relates to this claim. Appellants' sole issue is sustained in part and overruled in part.

**DISPOSITION**

We have sustained Appellants' sole issue with regard to Appellees' claim under Texas Local Government Code, Chapter 245. Having done so, we *reverse* the trial court's order denying Appellants' plea to the jurisdiction as it pertains to that claim and *remand* the cause *with instructions* that such cause of action be dismissed without prejudice *for want of jurisdiction*. Having overruled the remainder of Appellants' sole issue, we *affirm* the remainder of the trial court's order denying Appellants' plea to the jurisdiction.

**JAMES T. WORTHEN**<br>Chief Justice

Opinion delivered August 31, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 31, 2023**

**NO. 12-22-00312-CV**

**CITY OF RUSK, TEXAS, ET AL,**
Appellants
V.
**260 OFFICE PARK, INC., JAN EVAN PATE, AND B-D-J'S PROPERTIES, INC.,**
Appellees

Appeal from the 2nd District Court

of Cherokee County, Texas (Tr.Ct.No. 2022060132)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the order of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the trial court's order denying Appellants' plea to the jurisdiction as it pertains to Appellees' claim based on Texas Local Government Code, Chapter 245 be **reversed** and **remanded with instructions** that such cause of action be dismissed without prejudice **for want of jurisdiction**, and the remainder of the trial court's order denying Appellants' plea to the jurisdiction be **affirmed**; that all parties shall bear their own costs; and that this decision be certified to the court below for observance.

James T. Worthen, Justice.
*Pel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*